The document below is hereby signed.

Signed: April 27, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Case No. 09-00414 |
| STEPHEN T. YELVERTON , | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| LUDWIG & ROBINSON, PLLC , | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. |
| | ) | 11-10001 |
| v. | ) | |
| | ) | **Not for Publication in** |
| YELVERTON LAW FIRM, PLLC, *et al.*, | ) | **West's Bankruptcy Reporter** |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM DECISION RE MOTION TO REMAND</u>

The Yelverton Law Firm, PLLC removed this adversary proceeding to this court from the Superior Court of the District of Columbia where it was pending as a civil action.  The petition for removal was untimely as to at least the claims asserted in the original complaint.  As to the claims asserted in the amended complaint (as well as those in the original complaint), the court lacks subject matter jurisdiction.  Accordingly, the plaintiff's

motion to remand will be granted.

I

The plaintiff raises an issue as to the timeliness of removal, and although removal was untimely as to the claims asserted in the original complaint, I will bypass the issue of untimeliness with respect to new claims asserted in a proposed amended complaint.

A

Stephen T. Yelverton, the debtor in the bankruptcy case in which this adversary proceeding is pending, is the sole member of the Yelverton Law Firm, PLLC. Yelverton commenced his bankruptcy case in May 2009. The plaintiff commenced this adversary proceeding as a civil action in the Superior Court in August 2009, and served the Yelverton Law Firm, PLLC with the summons and complaint via hand delivery to its registered agent in October 2009. The plaintiff filed a motion in July 2010 to amend the complaint, and the Superior Court docket sheet reflects that the Superior Court made an oral ruling on December 15, 2010, that the motion to amend be granted, but no written order granting the motion for leave to amend was ever entered unless the clerk's docket sheet entry constituted such. The Yelverton Law Firm, PLLC filed its petition for removal on January 10, 2011, less than 30 days after the Superior Court's oral ruling.

B

In relevant part, Rule 9027(a)(3) required that a notice of removal of the civil action (as a civil action initiated after the commencement of the bankruptcy case) be filed:

> within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

As to the claims asserted in the original complaint, removal *was* untimely under Fed. R. Bankr. P. 9027(a)(3). The Yelverton Law Firm, PLLC contends that those claims were timely removed from the Superior Court because the commencement of the civil action in the Superior Court violated the automatic stay of 11 U.S.C. § 362(a) in Stephen T. Yelverton's bankruptcy case. That contention must be rejected.

Yelverton and the Yelverton Law Firm, PLLC are separate and distinct entities, and Yelverton and the PLLC are bound by the form of entity through which Yelverton chose to operate a business. *See In re McCormick*, 381 B.R. 594, 600 (Bankr. S.D.N.Y. 2008). Moreover, under Virginia law (under which the PLLC was formed), the property of the PLLC is not property of Yelverton. *See Gen. Tech. Applications, Inc. V. Exro, Ltda.*, 388 F.3d 114, 119 (4th Cir. 2004) (noting that under Virginia law, the property of an LLC, once acquired, "vests in the limited liability company.") (*quoting* Va Code. Ann. § 13.1-1021); *see*

3

*also In re Brittain*, 435 B.R. 318, 322 (Bankr. D.S.C. 2010) ("a member's bankruptcy estate has no interest in property of an LLC and . . . the estate's property interest is limited to the member's distributional interest") (applying similar laws of another state).  Accordingly, the filing of the civil action did not violate the automatic stay in Yelverton's bankruptcy case.

                                    C

As to the new claims asserted in the amended complaint, the petition for removal was filed within 30 days after the oral ruling granting the motion to amend.  Those new claims present two questions that the parties have failed to address.  First, the motion for leave to amend sought to have the amended complaint filed as of the date of the entry of the order granting the motion.  With no order having been entered, there is a question whether the amended complaint had been filed asserting the new claims such that they would be a subject for removal.  Second, if the amended complaint were deemed to be filed, there is a question whether the petition for removal was timely as to the new claims asserted in the amended complaint (and whether the amendments were truly new claims). Rather than decide those questions, I turn instead to the issue of subject matter jurisdiction.

                                    II

For this court to have subject matter jurisdiction over this

proceeding, it must come within the jurisdiction conferred on the district court by 28 U.S.C. § 1334(b).  The proceeding does not arise under the Bankruptcy Code and did not arise in the bankruptcy case.  As to the remaining possible basis for jurisdiction under § 1334(b), "related to" jurisdiction, the Yelverton Law Firm, PLLC has not put forth a ground establishing that this adversary proceeding is "related to" the bankruptcy case.  *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), sets forth the relevant test for whether a proceeding is "related to" a bankruptcy case.  Under *Pacor*, a proceeding is related to a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Id. at 994.  Addressing the issue in the context of a case under chapter 11 of the Bankruptcy Code,[1] and specifically with respect to a debtor in possession, which was exercising the powers of a trustee, the *Pacor* court explained that:

> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.*  Yelverton's case began as a chapter 11 case, but is now a

---

[1] Yelverton's bankruptcy case is a case under chapter 7 of the Bankruptcy Code, not a reorganization case, and the court's "related to" jurisdiction is more circumscribed in chapter 7 than in a reorganization case.  Even if the case were pending in chapter 11, the Yelverton Law Firm, PLLC has not set forth facts that would establish "related to" jurisdiction.

chapter 7 case in which the chapter 7 trustee has succeeded to Yelverton's rights.  For reasons explored below, the proceeding does not alter the debtor's rights to which the trustee has succeeded and has no impact on the administration of the estate.  Accordingly, subject matter jurisdiction is lacking.

A

The Yelverton Law Firm, PLLC contends that it is the alter ego of Yelverton, such that its property must be treated as Yelverton's (and hence the estate's) property.  As noted previously, however, Yelverton and the PLLC are bound by the form of entity through which Yelverton chose to operate a business.  *See In re McCormick*, 381 B.R. at 600.  Yelverton asserts that in its proof of claim, the plaintiff has treated the PLLC and Yelverton as one and the same for purposes of their liabilities.  Even if that is true, that does not mean that the plaintiff treated them as one and the same with respect to the ownership of assets.

The Yelverton Law Firm, PLLC further contends that this court heard the same claims as the ones being pursued by the plaintiff against it when this court tried the adversary proceeding that the plaintiff brought against Yelverton to declare its claims against him nondischargeable.  Specifically, the Yelverton Law Firm, PLLC contends:

> 36. The Bankruptcy Court has a trial record in Adversary No. 09-10023 with evidence showing that (1) the

>    office services were actually rendered to Wade H.
> Atkinson, Jr., and not to the Debtor or YLF; that (2) all
> office rents were paid to L&R through March 2008, the
> April rent was paid in May, the May rent was paid by the
> security deposit of $1,500, and the Debtor and YLF were
> constructively evicted by L&R after May 2008; and that
> (3) all premiums were paid to L&R for the medical
> insurance through August 2008, and this insurance
> coverage was terminated by L&R in September 2008.
>      37. The Debtor testified at trial in Adversary No.
> 09-10023 that no funds were provided to his wife,
> Defendant Senyi, from YLF or on behalf of YLF, and that
> all transfers to her were from his personal funds, and
> were earned by him separate from YLF and paid under the
> terms of their Pre-Nuptial Agreement.  L&R did not rebut
> or impeach this testimony.
>      38. The Bankruptcy Court in its rulings on June 2,
> 2010,[2] found that nothing was owed to L&R under its claim
> for damages of $14,405.56, resulting from an alleged
> breach of contract by YLF.

Even if the court did hear such evidence, judicial economy (this court's alleged familiarity with the issues) is not a basis for establishing "related to" jurisdiction.  Moreover, this court did not address the issue of the Yelverton Law Firm, PLLC's liability to the plaintiff.  In the court's ruling in Adversary Proceeding No. 09-10023, the court only found that Yelverton never made a misrepresentation regarding his law firm's ability to repay or its intention to repay that could give rise to holding him liable for the law firm's debts (and to holding such debt nondischargeable as a debt for having procured services by fraud).  The ruling was consistent with treating the Yelverton Law Firm, PLLC, and Yelverton as separate entities, and has no

---

[2] The court's ruling in Adversary Proceeding No. 09-10023 was on May 25, 2010, not June 2, 2010.

bearing on whether "related to" jurisdiction exists.

B

The Yelverton Law Firm, PLLC further contends that "related to" jurisdiction exists because the outcome of this adversary proceeding could have an adverse impact on Yelverton's rehabilitation. Specifically, it contends:

> 41. Here, a Remand to the Superior Court would have a serious and immediate adverse impact on the Debtor's "rehabilitation" under his Bankruptcy. As the sole Manager and sole Member of YLF, the Debtor has the obligation under the Virginia Code, Section 13.1-1064, to defend the interests of YLF in the Complaint by L&R.
> 42. Here, such defense of YLF would take substantial time and resources from the Debtor's "rehabilitation." The Debtor has already spent an inordinate amount of time defending against the allegations of L&R, which were denied in their entirety in Adversary No. 09-10023, and yet L&R continues to pursue them.
> 43. The Debtor's "rehabilitation" in Bankruptcy depends in large part on his practice of law, which is under the name of YLF. However, the actions of L&R since September 29, 2009, in alleging fraud and misconduct by both the Debtor and YLF have seriously interfered with obtaining new clients, and would continue to do so, and thus interfering with the Debtor being "rehabilitated with a fresh start."
> 44. Accordingly, until the actions and allegations of L&R are brought to an <u>end</u>, the Debtor will be handicapped and wounded in his practice of law, and therefore unduly delayed or prevented from being "rehabilitated" in contravention of the Bankruptcy Code.

The Bankruptcy Code provides the instruments for effecting a chapter 7 debtor's so-called fresh start, principally, a discharge under 11 U.S.C. § 727(a) (and the benefits of the discharge injunction under 11 U.S.C. § 524(a)), protections against certain discriminatory treatment under 11 U.S.C. § 525,

and the right to exempt assets under 11 U.S.C. § 522. The Bankruptcy Code does not vest a bankruptcy court with the authority to create additional protections in order to assist the debtor's "rehabilitation." For example, once a debtor exempts assets, any litigation that affects the value of such assets is not "related to" the bankruptcy case.[3] It follows that any impact that this adversary proceeding might have on the debtor's "rehabilitation" is not a basis for finding "related to" jurisdiction.

C

The Yelverton Law Firm, PLLC further contends that a remand of the adversary proceeding would be particularly inequitable as to its co-defendant, Alexandra-Nicole Senyi de Nagy-Unyom. Specifically, it states:

> 45. A Remand of the Complaint of L&R would be particularly <u>inequitable</u> for Defendant Senyi. She is <u>not</u> a citizen or now a resident of the United States, and would be required to spend much time and resources to return to defend her interests against L&R.
> 46. In its Complaint, L&R makes allegations and innuendo of fraud against Defendant Senyi. If a default judgment was entered against her because she was unable to return to defend her interests, Defendant Senyi would risk being disqualified from admission to the bar and from professional employment.
> 47. However, in its Complaint, L&R alleged <u>no</u> facts that would support a finding of fraud by

---

[3] *See Turner v. Ermiger (In re Turner)*, 724 F.2d 338 (2d Cir. 1983); *see also In re McClellan*, 99 F.3d 1420, 1422–23 (7th Cir. 1996); *Ostroff v. Am. Home Mortg. (In re Ostroff)*, 433 B.R. 442 (Bankr. D.D.C. 2010) (no jurisdiction to adjudicate debtor's state law claim of lien invalidity on exempt property).

9

> Defendant Senyi. Thus, Summary Judgment in her favor by the Bankruptcy Court would be appropriate, and <u>not</u> Remand to the Superior Court for a trial.
> 48. In its Complaint, L&R seeks damages against Defendant Senyi for alleged non-payment of medical insurance premiums, where it seeks to hold her liable <u>solely</u> on the basis that she was the "beneficiary" of this medical insurance. However, in Adversary No. 09-10023, evidence was submitted showing that Defendant Senyi was <u>never</u> a full-time employee of L&R, and thus was <u>not</u> eligible to participate in the L&R group medical insurance plan.
> 49. With Defendant Senyi <u>not</u> being eligible to participate in the L&R group medical plan, she could <u>not</u> as a matter of law have received any benefits from the medical insurance. Thus, Summary Judgment in her favor by the Bankruptcy Court would be appropriate, and <u>not</u> Remand to the Superior Court for a trial.

The adverse impact of a remand on Senyi, who is not even the debtor in the bankruptcy case before this court, does not establish a basis for "related to" jurisdiction, nor does this court's alleged familiarity with the facts based on evidence presented in the plaintiff's complaint for a determination of nondischargeability brought against Yelverton.

D

The plaintiff's claims against the Yelverton Law Firm, PLLC will be collectible from that entity's assets, which are *not* assets of Yelverton's chapter 7 bankruptcy estate.  The Yelverton Law Firm, PLLC responds that Yelverton (and the estate as his successor-in-interest) is entitled to demand cash distributions, but that right is obviously junior to the rights of creditors of the Yelverton Law Firm, PLLC.  In other words, Yelverton's bankruptcy estate owns Yelverton's membership

10

interest in the Yelverton Law Firm, PLLC, but that ownership interest will not be altered or destroyed by the outcome of this adversary proceeding: the estate will continue to own the ownership interest regardless of the outcome.

The value, if any, of Yelverton's membership interest, now held by the bankruptcy estate, may be affected by whether the Yelverton Law Firm, PLLC prevails in any litigation to which it is a party, but that is true of an ownership interest in any corporation, be it a minor stake in General Electric or a complete ownership of a closely-held corporation.  In the meantime, pending the outcome of the adversary proceeding, the trustee can dispose of Yelverton's ownership interest, with the market taking account of the impact of the pending litigation on the value of Yelverton Law Firm, PLLC, and hence of Yelverton's ownership interest.  That is the approach the trustee has taken: the Yelverton Law Firm, PLLC concedes that the chapter 7 trustee declined to intervene in this adversary proceeding.

In other words, the trustee, who is the representative of the estate under 11 U.S.C. § 323(a), has decided that participation in this adversary proceeding is unnecessary to the administration of the estate.  The Yelverton Law Firm, PLLC is not even a creditor in this case and has no standing to raise concerns about the impact of the proceeding on the estate and on the administration of the estate.  The trustee, not the Yelverton

Law Firm, PLLC, is the party with standing to articulate a reason why the proceeding ought to be treated as altering the estate's rights or as having an impact on the administration of the estate.

In any event, the Yelverton Law Firm, PLLC, has failed to articulate any such reason why the proceeding ought to be treated as altering the estate's rights or as having an impact on the administration of the estate.[4]  Even if the proceeding's outcome will have an effect on the value of the estate's membership interest in the Yelverton Law Firm, PLLC, that does not demonstrate an effect on the estate within the meaning of *Pacor*. This follows because the corporation's affairs are not the bankruptcy estate's affairs: any impact on the corporation is on the corporation, not the estate.  The estate takes its membership interest in the Yelverton Law Firm, PLLC subject to whatever features that corporation has, including the feature that the corporation is subject to a claim by Ludwig & Robinson, PLLC, and is subject to Ludwig & Robinson, PLLC's pursuit of that claim via a civil action.  This proceeding (including its potential adverse impact on the value of the Yelverton Law Firm, PLLC and hence on

---

[4]  Indeed, the defendant has failed to allege any facts showing that the debtor's interest in the Yelverton Law Firm, PLLC is of meaningful value to the estate.  Instead, the Yelverton Law Firm, PLLC seems principally concerned with the debtor's utilization of the PLLC as a vehicle for practicing law. *See* Opposition ¶¶ 43 and 44, quoted earlier.  That does not have any impact on the value of the estate's interest in the PLLC.

12

the value of the estate's membership interest in that PLLC), does not alter that feature of the estate's membership interest. Accordingly, the adversary proceeding will not alter the estate's interest in the Yelverton Law Firm, PLLC. Nor has the Yelverton Law Firm, PLLC pled facts demonstrating that the civil action affects the administration of the estate. The trustee has not viewed the proceeding as interfering with his administration of the estate. It follows that under *Pacor*, the potential impact of the proceeding on the value of the estate's interest in the PLLC is not a basis for finding "related to" jurisdiction.

This case is distinguishable from cases in which a trustee (or a debtor in possession exercising the powers of a trustee) was able to articulate a reason why an action by or against a corporation in which the estate had an ownership interest would have an impact on the administration of the estate. *See Clark Oil & Refining Corp. v. Chicap Pipe Line Co. (In re Apex Oil Co.)*, 88 B.R. 968 (Bankr. E.D. Mo. 1988). *See also Schnittjer v. Pioneer Mut. Life Ins. Co. (In re Cooper)*, 2005 WL 1995440 (Bankr. N.D. Iowa Aug. 15, 2005); *Franklin Sav. Corp. v. Office of Thrift Supervision*, 213 B.R. 596, 600 (D. Kan. 1997).

E

For all of the foregoing reasons, the court concludes that the defendant has failed to establish that "arising in," "arising under," and "related to" jurisdiction exists over this adversary

proceeding under 28 U.S.C. § 1334(b).

### III

Because removal of this adversary proceeding was untimely in part, and because the court lacks subject matter jurisdiction over the proceeding, an order follows granting the motion to remand.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee; chapter 7 trustee.