The document below is hereby signed.

Signed: June 10, 2011



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Case No. 09-00414 |
| STEPHEN T. YELVERTON, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| LUDWIG & ROBINSON, PLLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. |
| | ) | 11-10001 |
| v. | ) | |
| | ) | **Not for Publication in** |
| YELVERTON LAW FIRM, PLLC, *et al.*, | ) | **West's Bankruptcy Reporter** |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM DECISION RE MOTION TO RECONSIDER ORDER OF REMAND</u>

The Yelverton Law Firm, PLLC (the "PLLC") has filed a motion under Fed. R. Civ. P. 59(e) seeking to vacate the court's order remanding this adversary proceeding to the Superior Court. The motion will be denied.

I

A Rule 59(e) motion "need not be granted unless the district court finds that there is an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted). The PLLC fails to show that it meets this exacting standard. All of the arguments it raises now could have been raised earlier, and are thus untimely. In any event, the motion fails on the merits, as discussed below.

II

That the PLLC was administratively dissolved by the Virginia State Corporation Commission in 2008 alters nothing. Yelverton contends that after dissolution, the PLLC's property became his, and later became property of the bankruptcy estate, such that any enforcement of the plaintiff's claim is an act against estate property, violating the automatic stay of 11 U.S.C. § 362(a) and the debtor's discharge injunction under 11 U.S.C. § 524(a). As explained in a decision of this date addressing a motion for sanctions, this proceeding is not against Yelverton or his property, and instead merely seeks a judgment for monetary damages from the PLLC and Aexandra Senyi. Accordingly, there is no violation of the automatic stay or the discharge injunction.

III

The PLLC argues also that the court erred in holding that this proceeding is not related to the bankruptcy case, raising a

veritable kitchen sink of arguments in that regard.  I reject each of those arguments.

### A

As discussed already, this is *not* a proceeding against estate property.

### B

I reject the contention (Motion ¶¶ 22-23) that under *In re WorldCom, Inc. Securities Litigation*, 293 B.R. 308, 322 (S.D.N.Y. 2003), related to jurisdiction exists because Yelverton's conduct is at the heart of this proceeding.  That alone is not enough, and in *Worldcom* the court additionally identified a conceivable effect of the litigation on the bankruptcy estate.

### C

Nor is this a chapter 11 case in which related to jurisdiction might be found based on the litigation diverting the attention of a debtor in possession's management.  That Yelverton may be diverted from other activities does not establish related to jurisdiction.

### D

While "the effect on the handling and administration of the estate need only conceivably be a 'mere trifle' in order for there to be 'related to' subject matter jurisdiction" (Motion ¶ 23), that is an academic observation until some conceivable impact on the estate is identified.

E

The argument that this is an action to recover property entrusted to the debtor on a bailment fails because it is only a proceeding to fix liability.  Even if it were such an action, "related to" jurisdiction would only exist if the proceeding had some conceivable impact on the estate.  *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.15 (3d Cir. 1984).

F

The  PLLC argues for the first time that a recovery by the plaintiff against the other defendant, Senyi, would result in her having an indemnification claim against Yelverton that could be asserted as a claim against the estate.  This argument could have been raised in opposition to the motion to remand, and is thus untimely.  Moreover, the  PLLC, which cannot show that *its* claims are related to the bankruptcy case, lacked standing to remove the claims against it based on related to jurisdiction that might exist with respect to the claims against Senyi.  Finally, whether subject matter jurisdiction could rest on an indemnification agreement, when this case is pending in chapter 7, not a reorganization case in chapter 11, is at best uncertain.  *See In re Federal-Mogul Global, Inc.,* 282 B.R. 301, 310 (Bankr. D. Del. 2002) (acknowledging in the context of chapter 11 that "suits against principal or key-personnel indemnitees of the debtor may be within the bankruptcy court's related-to jurisdiction" but

declining to find related to jurisdiction as to other indemnification agreements).

In any event, had the PLLC raised the issue in a timely fashion, the court would have remanded the proceeding on equitable grounds under 28 U.S.C. § 1452(b).  The PLLC will be unaffected by what happens to the claims against Senyi, it has no stake in the bankruptcy estate, and it thus lacks standing to assert that the claims against Senyi are related to the bankruptcy case because of her potential indemnification claims. "Bankruptcy jurisdiction . . . was not conferred for the convenience of those not in bankruptcy . . . ." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 (3d Cir. 1984).  The chapter 7 trustee has been content to let the litigation proceed in the Superior Court and for the estate to suffer the consequences of any judgment in the Superior Court against Senyi.  In light of the foregoing, it is inequitable to permit the PLLC, a stranger to the bankruptcy case, to deprive the plaintiff of its chosen forum for litigating its claims against the PLLC and Senyi.

I reject the related argument that "[w]here civil litigation by a creditor of the debtor against a third-party would expose the debtor to the risk of collateral estoppel or issue preclusion prejudice, 'related to' subject matter jurisdiction under 28 U.S.C. 1334 (b) will be found."  (Motion ¶ 30) (citations omitted).  Exposing Yelverton to the risk of collateral estoppel

or issue preclusion is not exposing the estate to such a risk. If the argument is that Senyi may end up having an indemnification claim that will be a claim binding against the estate, I have already explained why her potentially having an indemnification claim is not a reason to reconsider the remand decision.

G

The PLLC argues that "[w]here civil litigation by a creditor of the debtor alleges that the third-party defendant conspired with the debtor to fraudulently transfer assets of the debtor to thwart payment of obligations to the creditor, 'related to' subject matter jurisdiction will be found . . . ." (Motion ¶ 32) (citation omitted). The plaintiff's amended complaint, however, alleges that Yelverton and the PLLC conspired to fraudulently transfer to Senyi assets of the PLLC, not assets of Yelverton.

H

Finally, the PLLC argues:

> Here, the action of L&R against YLF commenced on September 29, 2006, is virtually identical to the issues raised in its Proof of Claim against the Debtor, filed on September 21, 2009, in the Bankruptcy, and then fully litigated in AP No. 09-10023. All of these actions by L&R have a "common nucleus of operative facts." Accordingly, there is "related to" subject matter jurisdiction under 28 U.S.C. 1367 (a).

(Motion ¶ 35) (citation omitted). This court cannot exercise supplemental jurisdiction. *See Premium of Am., LLC v. Sanchez*

*(In re Premium Escrow Services, Inc.)*, 342 B.R. 390, 402-404 (Bankr. D.D.C. 2006).  Even if a bankruptcy court can exercise such jurisdiction, there is no pending proceeding within which to exercise supplemental jurisdiction.  Section 1367(a) addresses supplemental jurisdiction **in any civil action**.  There is no pending civil action in this court (that is, no pending adversary proceeding or contested matter, the bankruptcy court analogs of a civil action) within which to exercise supplemental jurisdiction.  Both the adversary proceeding and the objection to claim proceeding to which the PLLC refers are fully concluded.

V

An order follows denying the motion to reconsider.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee; chapter 7 trustee.