**The document below is hereby signed.**

**Dated: July 19, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| In re ) | |
| ) | |
| ) | Case No. 09-00414 |
| STEPHEN T. YELVERTON, ) | (Chapter 7) |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ) | |
| LUDWIG & ROBINSON, PLLC, ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding No. |
| ) | 11-10001 |
| v. ) | |
| ) | |
| YELVERTON LAW FIRM, PLLC, *et* ) | Not for Publication in |
| *al.*, ) | West's Bankruptcy Reporter |
| ) | |
| Defendants. ) | |

```
         MEMORANDUM DECISION AND ORDER
        REGARDING YELVERTON LAW FIRM, PLLC'S
   PROCEDURALLY DEFECTIVE OBJECTIONS TO COURT'S RULINGS
```

This court entered orders regarding remanding this adversary proceeding to the Superior Court. Those orders are reviewable by way of appeal under 28 U.S.C. § 158 and part VIII of the Federal Rules of Bankruptcy Procedure. A notice of appeal requires the

payment of fees.[1]

Instead of filing a notice of appeal, the Yelverton Law Firm, PLLC has sought review, in a way that does not generate a filing fee, by filing *Defendant's Objections Pursuant to 28 U.S.C 157(c)(1) and Request for Relief from a United States District Judge*.

I

Seeking review under 28 U.S.C. § 157(c)(1) was improper.[2] This bankruptcy court issued no proposed findings of fact and conclusions of law, so there are no such proposed rulings to which the defendant can object.  Instead, the court issued final orders that can be reviewed by way of taking an appeal.  If the bankruptcy court erred in issuing final orders under § 157(b)(1) instead of proposed rulings under § 157(c)(1), the proper vehicle for correcting that error is an appeal, not an objection to non-

---

[1]  Filing a notice of appeal requires a $250 fee under item (14) of the Miscellaneous Fee Schedule (Appendix to 28 U.S.C. § 1930) and a $5 fee under 28 U.S.C. § 1930(c).

[2]  Section 157(c)(1) provides:

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.  In such proceeding, the bankruptcy court shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings of fact and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

2

existent proposed findings and conclusions.

II

Despite the lack of any proposed rulings as to which review under § 157(c)(1) might be invoked, the proper course is to treat the objections as an attempt to invoke review under § 157(c)(1), with the district court to decide whether there are any proposed rulings to review under that provision.

III

The district court, I think, will agree that the invocation of § 157(c)(1) was improper, and will not address whether the bankruptcy court erred in treating the motion to remand as a core proceeding. If it were to address that issue, I note for its benefit the following analysis.

Core proceedings include proceedings "arising in" a bankruptcy case. *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 96-97 (5th Cir. 1987) (explaining that an "arising in" proceeding, one that would arise only in a bankruptcy case, is a core proceeding). The decision to remand or not remand is not an adjudication of the claims (whether core or non-core) asserted in the civil action but instead is an administrative determination as to the propriety and wisdom of retaining the civil action. As an administrative matter "arising in" a case within the meaning of 28 U.S.C. § 157(a), the motion to remand, and its request for a determination that this court lacks subject matter

3

jurisdiction, are core proceedings as to which a bankruptcy court is authorized by 28 U.S.C. § 157(b)(1) to enter final orders. *See In re Bavelis,* --- B.R. ----, 2011 WL 2160740 (Bankr. S.D. Ohio May 31, 2011):

> Motions seeking dismissal based on an alleged lack of subject-matter jurisdiction are core proceedings. *See Casey v. Grasso (In re Riccitelli)*, 320 B.R. 483, 487 (Bankr. D. Mass. 2005) ("This motion (as opposed to the adversary proceeding as a whole) is a proceeding . . . to determine whether the court has subject matter jurisdiction over the adversary proceeding. . . . [T]his Court has jurisdiction to hear and determine the motion to dismiss and to enter an appropriate and final order on it."). So too are motions seeking abstention, remand and transfer of venue. *See Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 376 (Bankr. E.D. Ark. 2003) (holding that motions for abstention, remand and transfer of venue are core proceedings and that the court has the authority to enter final orders on such motions); *Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 767 (Bankr. N.D. Ill. 1993) (same); *Christensen v. St. Paul Bank for Coops. (In re Fulda Indep. Co-op.)*, 130 B.R. 967, 972–73 n.5 (Bankr. D. Minn. 1991) (explaining that bankruptcy courts are authorized to enter final orders on motions for abstention and remand as a result of the Judicial Improvements Act of 1990). Accordingly, the Court has the authority to enter an order on the Motions without submitting proposed findings of fact and conclusions of law to the District Court.

IV

In accordance with the foregoing, it is

ORDERED that the clerk shall process the *Defendant's Objections Pursuant to 28 U.S.C 157(c)(1) and Request for Relief from a United States District Judge* as though relating to proposed findings of fact and conclusions law (even though no such proposed findings and conclusions exist) and transmit the

same to the district court in accordance with D.Ct.LBR 9033-1.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee; chapter 7 trustee.