**The document below is hereby signed.** Dated: July 25, 2011.



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
STEPHEN THOMAS YELVERTON,       )   Case No. 09-00414
                                )   (Chapter 7)
              Debtor.           )
_____  )
                                )
LUDWIG & ROBINSON, PLLC,        )
                                )
              Plaintiff,        )
                                )
          v.                    )   Adversary Proceeding No.
                                )   11-10001
YELVERTON LAW FIRM, PLLC, et    )
al.,                            )   Not for Publication in
                                )   West's Bankruptcy Reporter
              Defendants.       )
```

MEMORANDUM DECISION RE MOTION TO ALTER OR AMEND PER RULE 59(e)

Yelverton Law Firm, PLLC, has filed with the court a Motion to Alter or Amended Per Rule 59(e) the court's June 10, 2011, Order denying the Yelverton Law Firm's motion for sanctions against Ludwig and Robinson, PLLC, for violating the automatic stay. Yelverton Law Firm's Motion to Alter or Amend represents a profound misreading of the decision and fails to set forth any basis for vacating the June 10, 2011, decision. Accordingly, for

the reasons that follow, I will deny the Motion.

Yelverton Law Firm misreads the court's June 10, 2011, decision and takes issue with determinations that the court never in fact made. It is unnecessary to analyze all of the points Yelverton Law Firm raises. It suffices to say, as I believe the June 10, 2011, decision makes clear, that at bottom the Superior Court law suit is not an action commenced against the debtor or an action to collect property of the debtor's estate. As I previously explained, Ludwig and Robinson's Superior Court action against Yelverton Law Firm and Senyi is appropriately limited to seeking to recover against those parties. To the extent those parties are without assets, the suit will ultimately prove fruitless.

Finally, it bears noting once more that Yelverton Law Firm's motion for sanctions is procedurally defective, which serves as a ground independent of the merits for denying the motion. First, this adversary proceeding has been remanded to the Superior Court and is not the appropriate matter within which to file a motion for sanctions for violations of the automatic stay. Rather, the motion should have been filed in the main case or pursued by way of a separately commenced adversary proceeding. Second, Yelverton, not his law firm, is the party with standing to assert any claims for violations of the automatic stay. I noted these defects in my June 10, 2011, decision but opted to address the

merits of the Motion in an effort to put an end to the frivolous litigation.  It is apparent that my attempt was in vain, and these defects still remain as an additional basis for denying the Motion to Alter or Amend.

    A separate order follows.

                                                [Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.